### 8773. Union Warehouse Company v. Roper.

Broyles, P. J. 1. The exceptions pendente lite to the judgment over-ruling the demurrer to the petition and the motion to dismiss, not having been argued in the brief of counsel for the plaintiff in error, are treated as abandoned.

2. Under the facts of the case it was error for the court to charge the jury as follows: "A corporation acts by and through its officers; and with reference to any notice that the plaintiff claims that the Union Warehouse Company had as to O. L. Deariso having conducted this business in the name of the Union Warehouse Company, you will look to the evidence and see if there is evidence that notice of this fact was brought to the attention of any officer of the Union Warehouse Company, if you should find, under the evidence in the case, that he was so conducting the business as the Union Warehouse Company, or in the name of the Union Warehouse Company." The court should have stated in this connection that the notice must have been received by some officer of the company *who was authorized to act for it under such circumstances.*

3. The following excerpt from the charge of the court was error: "The evidence showing that there had been a conversion made of the property, and that the defendant had not the property in possession," etc. In this portion of the charge the judge clearly expressed his opinion that a conversion of the property had been shown by the evidence; whereas that was one of the disputed questions in the case, and an issue of fact as well as of law. This charge therefore requires a new trial of the case.

4. No other reversible error was committed upon the trial. Since a new trial is to occur, the question as to the sufficiency of the evidence to support the verdict is not passed upon.

　　　　　*Judgment reversed. Bloodworth and Harwell, JJ., concur.*
　　　　　．Decided November 1, 1917.

Trover; from Worth superior court—Judge Eve. March 20, 1917.

*Pottle & Hofmayer, J. H. Tipton,* for plaintiff in error.
*Claude Payton, Pope & Bennet,* contra.